UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MICHAEL THOMAS FALK,                                                                  No. 08-12561

                          Debtor(s).
_____/

Memorandum re Compromise
_____

       Michael Falk and his former wife Sharon are both debtors in separate bankruptcy cases. In an adversary proceeding arising out of Sharon's case, the court decreed that certain New York partnership interests once Michael's separate property had been transmuted into community property by a document Michael had signed. Michael appealed, and the judgment was affirmed on appeal. While the appeal was pending, Michael filed this Chapter 7 case. The Chapter 7 trustee is Andrea A. Wirum.

       One of the assets Falk listed in his schedules, in an unknown amount, was a legal malpractice lawsuit against his former attorney, Robert Disharoon, who had drafted the document which was the subject of the appeal. Wirum duly investigated this claim, contacting the attorney retained by Falk to prosecute it. She made inquiry as to the merits of the case, the defenses raised by Disharoon, and whether the attorney Falk had hired was willing to continue to prosecute the case on behalf of the bankruptcy estate on a contingency basis. The attorney declined.

       Wirum then entered into negotiations with Disharoon and reached an agreement to settle the claim for $20,000.00. The compromise was duly noticed and the only objection was raised by Falk, who also amended his claims of exemption to assert an interest in the lawsuit. His attorney also

1

changed his mind and said he would take the case on a contingency. Disharoon then agreed to increase his settlement offer to $50,000.00. That is the agreement now before the court.

The factors to be considered by the court in considering a compromise are set forth in *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). They include the probability of success, the difficulties, if any, to be encountered in the matter of collection, the complexity of these matters, and the expense, inconvenience and delay necessarily attending them, and the paramount interest of creditors. Of these factors, the first and last weigh strongly in favor of the compromise.

Disharoon has an excellent reputation in the legal community as a highly competent estate planner. His primary defense is that he fully explained the effect of the document in question to Falk. His testimony is that he questioned the Falks extensively and repeatedly about whether they truly wished to change their respective separate property into community property. He says he explained the advantages and disadvantages, including the effect of a divorce on their respective separate property interests and that it would take an agreement between the two to return the character of the property to separate property. If this testimony is believed by a judge or jury, there is no case.

Moreover, the issue before this court was not a difficult one. Both sides agreed on the law. The only issue was the meaning of the following, signed by Falk:

> FOR VALUE RECEIVED, the undersigned does hereby grant, assign and transfer to MICHAEL T. FALK and SHANNON M. FALK, as Trustees under the MICHAEL T. AND SHANNON M. FALK MARITAL TRUST dated December 1, 2001, all his right, title and interest in and to all his NEW YORK LIMITED PARTNERSHIPS.

The court is fairly certain that any jury of moderate intelligence would interpret this provision exactly as the court did, and find that the detailed explanation by Disharoon was not even required. The court believes that the most likely result of going to trial would be a defense verdict.[1]

The other important factor is that this is a Chapter 7 case, in which the trustee is charged with liquidating the estate for the benefit of creditors. Falk is entitled to be heard, based on the possibility

---

[1] In addition, Disharoon has raised a statute of limitations issue which might prevent the case from even getting to trial.

2

that there may be something left for him after his creditors are paid, but the paramount interests are those of his creditors. It is definitely in their best interests that Wirum take this bird in the hand.

In addition, the court remembers that Falk argued for a small appellate bond because the partnership interests were not worth very much. He represented to the court that his interests were small and that no income was currently being generated by them.[2] If these representations were any where near correct, the compromise is a great deal.

For the foregoing reasons, Falk's objection will be overruled and the compromise approved. Counsel for Wirum shall submit an appropriate form of order.

Dated: August 17, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] AP No. 07-1080, September 26, 2008.