UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MICHAEL THOMAS FALK,  No. 08-12561

                Debtor(s).
_____/

Memorandum on Objections to Claims of Former Spouse
_____

       Claimant Shannon Falk is the former spouse of Chapter 7 debtor Michael Falk. While the matter before the court is nominally Michael's objections to three claims filed by Shannon, it is in essence the latest installment in a very ugly family law dispute played out in the bankruptcy court due to the right of third party creditors to be paid notwithstanding the feud between Michael and Shannon.

       Neither Michael nor Shannon are law-abiding litigants. Both have wilfully violated the orders of this court or the orders of the Sonoma County Superior Court where their marital dissolution proceeding was pending before Shannon filed a Chapter 11 bankruptcy petition in order to attempt to gain the upper hand. The court quickly determined that Shannon was not fit to act as a debtor in possession and ordered that a trustee be appointed in that case.

       Primarily due to the work of the bankruptcy trustees in both cases, a plan was confirmed in Shannon's Chapter 11 case which provided for the payment in full to all community creditors. Those creditors have now been paid. In this case, Shannon has filed three claims. Two are for support, and appear to be duplicates of each other. The third is for over $10 million, and appears to be a trumped-

1

up affair cobbled together largely or entirely by Shannon calling her community property distribution rights a claim for money.[1]  There are at most about $180,000.00 in other claims, some of which may have already been allowed and paid in Shannon's bankruptcy.  Thus, most that really remains is the ugly dispute between Michael and Shannon.

While becoming involved in marital dissolution cases is sometimes unavoidable, bankruptcy courts are supposed to avoid incursions into family law to the maximum extent possible. *In re MacDonald,* 755 F.2d 715, 717 (9th Cir. 1985).   The court sees no reason to hold up distributions to other creditors while Shannon and Michael play out their drama, nor does the court deem it appropriate for it to decide how marital property ought to be divided after creditors are paid.  Accordingly, the court will order as follows:

1. Shannon's Claim Number 1, for unpaid prepetition spousal support, will be allowed as filed.

2. Shannon's Claim Number 24, also for unpaid spousal support and unsupported by any documentation (and appearing to be a duplicate of Claim number 1) will be estimated at zero for distribution purposes pursuant to  § 502(c)(1) of the  Bankruptcy Code, without prejudice to all rights and defenses in state family law proceedings.

3. Shannon's Claim Number 21, for property division, will be estimated at zero for distribution purposes pursuant to  § 502(c)(1) of the  Bankruptcy Code, without prejudice to all rights and defenses in state family law proceedings.

4. The court will abstain, pursuant to both 28 U.S.C.  § 1334(c)(1) and  § 1334(c)(2), from adjudicating Claims 21 and 24, and any counterclaims thereto, in favor of the Sonoma County Superior Court. All stays prohibiting dissolution proceedings in said court will be lifted, except that no order regarding disposition of estate assets shall be enforced until this bankruptcy case is closed without the consent of the Chapter 7 trustee or order of this court.  Said state court may, but need not, consider any

---

[1] Counsel for Shannon disputes this characterization now, but in her case he himself described the claim as being for "support, property division, and undisclosed property".  Doc. 224, p. 3, line 16. The court finds that description accurate.

Case: 08-12561    Doc# 113    Filed: 07/25/12    Entered: 07/25/12 12:43:48    Page 2 of 3

payment to Shannon authorized by this court as a credit against any obligation owed by Michael to her.

An appropriate order will be entered.

Dated: July 25, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge